EMERGENCY COMPLAINT

George Wells

DOC NUMBER: 1122956

| | | | |
|---|---|---|---|
| DATE STAFF MEMBER RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
| 9/9/19 | ERDCC 19-1607 | 7E | 3 |

**STATE YOUR COMPLAINT/PROBLEM BRIEFLY- ONE ISSUE - BE SPECIFIC**

On 9-1-19 at approx 9:49 pm - CoI Brown came to my door (3A-212) to get my ID - to write me up for getting Ice (evidence disputes her claim) See CDV- She was very hostile and billigerent. I calmly gave her my ID, at which point she called me a derogatory name, and slammed the door, with such force that it shook the Frame and just missed my arm. See attached for Battery.

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

Seeking to proceed with "law suit" and ask the CoI Brown go through "anger management" and be re-moved from ITC using 3-House

OFFENDER SIGNATURE    DATE 9/8/19

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

advised That There is insufficient evidence To prove the claim

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN     ☒ IRR NOT RESOLVED BY DISCUSSION

| | | | |
|---|---|---|---|
| OFFENDER SIGNATURE | DATE 9/18/19 | STAFF SIGNATURE CCМ/ Мore #121616 | DATE 9/18/19 |

**STAFF FINDINGS/RESPONSE**

| | | | |
|---|---|---|---|
| INVESTIGATING STAFF SIGNATURE CM/ Mny 121616 | DATE 9/20/19 | RESPONDENT SIGNATURE #118987 Kimberly Bowers, acting FUM | DATE 9/30/19 |
| REVIEWER SIGNATURE M. RAB AN560 | DATE 10-3-19 | RESULTS ☐ SATISFACTORY ☒ UNSATISFACTORY | |

**HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.**

OFFENDER SIGNATURE     DATE 10/6/19

-3376 (8-17)

George Wells 1122956-RE. I RR 8/5/19

- Battery has been defined as any injury, regardless of how small, actually done to a person in an angry, violent rude, or hostile way. But it isn't necessary for a blow to result in a physical injury... the unlawfulness of the nature is enough to constitute Battery

Nor does it have to be force that is applied directly to the person, it can come through a medium (metal Door)

"one receives bodily harm, in a legal sense, when any hostile force is projected against his body - criminal intent isn't necessary to constitute battery

"Injury or the threat of Injury is enough to constitute the charge of battery"

George W

## Informal Resolution Request

*SC 205*

Offender and Number:        **Wells, George**
Offender Number:            **122956**
IRR Number:               ERDCC-19-1607

Category:                      **7E**

Nature of Complaint:       Your IRR has been received and reviewed. You state that COI Brown closed your cell door in a manner that you perceived as forceful, and as a result you believe that her actions should be considered physical abuse.

Investigation / Findings:    Your IRR and all pertinent information/documentation has been received and reviewed. Upon review, there was no evidence submitted which suggests that COI Brown acted unprofessionally or in a manner that placed you in danger of physical injury.

Recommendations:       Based on the review of the findings, I do not find sufficient evidence to support your claim; therefore, your IRR is denied and no further action is necessary.

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| | ERDCC 19-1607 | OCT 16 2019 ERDCC |

RECEIVED
GRIEVANCE OFFICE

**INSTITUTION USE ONLY**

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Wells, | George | 1122956 | 5 | C205 | ERDCC |

**OFFENDER GRIEVANCE/REQUEST**

I strongly dispute the findings in the Internal Resolution Request, which stated that "no evidence" supported my claim of battery on behalf on COI Brown. I presented several key eye witnesses (Duane Gay, Vincent Anderson, Brian Cain David-Billington) as well as the time stamped cameras which clearly shows COI Brown at my Door 9:49 pm on Sept 1st. The IRR response does not state the steps that were taken to document each witness statement or that the camera was used. These findings are clearly biased, and that the statements by the officer are being constructed as evidence, which violates policy that "officers statements alone should not be seen as evidence". I asked that I be taken serious in this complaint as alleged.

OFFENDER SIGNATURE _____ DATE 10/13/19

**SUPERINTENDENT RESPONSE**

Mr. Wells, I am in receipt of your grievance dated October 16, 2019 regarding physical abuse by COI Brown.

Having reviewed your IRR, Grievance, and other pertinent information available to me I found that the response provided at the informal resolution request adequately addressed your complaint. I could find no evidence, nor have you provided any, to substantiate your allegation. Therefore, I find your complaint resolved.

OFFENDER ATTACHMENT

| SUPERINTENDENT/SECTION HEAD | | DATE |
|---|---|---|
| K. M. K. ADW | | 10/21/19 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3377 (12-04)

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE APPEAL**

**RECEIVED**

GRIEVANCE NUMBER

ERDCC-19-1607

DATE FILED

OCT 30 2019

INSTITUTION CC
GRIEVANCE OFFICE

OFFENDER NAME (LAST NAME, FIRST)

Wells, George

DOC NUMBER

1122950

**REASON FOR APPEAL**

The Grievance filed on 10/16/19 - clearly states the issues complained of. What the Grievance officer doesn't acknowledge is the Simple Fact that: one, COI Brown was present at my door at 9:47 pm on 9-1-19). This fact is backed by camera footage. The Grievance denies what is obvious. Secondly - I have a right to call witnesses; and to have them testify in person. And, for this matter, that right is extremely critical for the Fact Finding Process. An Eye witness (David Bilington) witnessed the entire incident - and, through improper method of gathering evidence, clearly certain procedures weren't followed. In Meadinger v. Saxner the Supreme Court acknowledged that "prison hearing officers work with Fellow employees - The credibility determination that they make is between co-worker and inmate." See attached

OFFENDER SIGNATURE

DATE 10/27/18

**RESPONSE**

**RECEIVED**

NOV 4 2019

DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

SIGNATURE

DATE

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

OFFENDER
ATTACHMENT

OFFENDER SIGNATURE

DATE

MO 931-3378 (5-03)

# OFFENDER ATTACHMENT

They thus are under obvious pressure to dissolve a dispute in favor of the institution and their fellow employee."

There has been no documentated evidence of said "findings" furnished to me. And, regarding the allegation of battery against the officer, the serious nature of this alone warrants more attention to detail, then is being considered for this Matter.

Vincent Anderson, Duane May, Brian Bain, David Billington - and several others, can vouch for what happened that night."

Considering: C/O Voss, also witnessed the very hostile nature in which C/O Brown was addressing me and Scott Barmore using much profanity and degrading statements.

Concluding: The finding process can only be viewed as "arbitrary and capricious." To determine that I was placed in no danger by the officers actions - from what seems to be a unilateral process - completely devalue me as a human, and creates a mockery out of the process of justice.

I asked to be furnished with a copy of each witness testimony, as well as C/O Voss who I was told by C/M Mertz gave a statement also, for the personal files of myself - as I prepare for further litigation.

**Michael L. Parson**
Governor

**Anne L. Precythe**
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
## DEPARTMENT OF CORRECTIONS
*"Improving Lives for Safer Communities"*

### Grievance Appeal Response

November 12, 2019

George Wells
Register #1122956
Eastern Reception, Diagnostic & Correctional Center

RE:     ERDCC-19-1607
        Use of Force
        Received on November 4, 2019
        Reviewed on November 12, 2019

Your appeal dated October 22, 2018, has been reviewed. The informal resolution request response you received adequately addressed your allegation of being physically abused by Corrections Officer I Elizabeth Brown. You have not provided any additional evidence to support your claim. Your appeal is denied.

Jeff Norman
Deputy Division Director
Division of Adult Institutions

JN/js

