# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE WELLS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CV3285 HEA |
| ) | |
| ELIZABETH BROWN, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff George Wells, Jr. for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $33.33. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a motion for leave to proceed *in forma pauperis*. ECF No. 3. Although the form motion states that an inmate must submit a certified prison account statement, plaintiff has not done so. In his signed and sworn motion, however, he states that his only income in the past twelve months has been money from loved ones in the amount of $2,000. *Id.* at 1. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire filing fee and will therefore assess an initial partial filing fee of $33.33, which is twenty percent of plaintiff's average monthly deposit amount of $166.67.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs, if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the

complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

*Pro se* plaintiff is incarcerated at Eastern Reception, Diagnostic & Correctional Center ("ERDCC"), in Bonne Terre, Missouri. Plaintiff brings this action under 42 U.S.C. § 1983, alleging one of the correctional officers at ERDCC, defendant Elizabeth Brown, battered and assaulted him on September 1, 2019. ECF Nos. 1 at 3, 6; 1-1 at 1-2, 4, 6; 1-3 at 1. Plaintiff sues Brown in both her individual and official capacities. ECF No. 1 at 2.

According to plaintiff, on the evening of September 1, 2019, defendant correctional officer Brown verbally assaulted him over the prison PA system from her location inside the officer's station. Plaintiff alleges that Brown used profanity in scolding him and another prison about "getting ice." However, plaintiff also admits that the PA system was malfunctioning and it was "hard to make out her demands." *Id.* at 3. Minutes later, Brown came to plaintiff's cell door where she requested plaintiff's prison ID card in a "hostile manner" so that she could issue him a conduct violation. *Id.* at 4. Brown "snatched" the ID from plaintiff, making "contact [with his] person." *Id.* Plaintiff asserts that Brown then cussed at him again before slamming the cell door, "barely missing [his] entire arm" and shaking the "entire frame." *Id.*

Plaintiff alleges that he has suffered extreme anxiety, emotional distress, mental anguish, and fear for his safety, as a result of this incident with Brown. ECF No. 1 at 4. For relief, plaintiff seeks one hundred (100) thousand in damages. *Id.* at 5.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, plaintiff's complaint fails to state an actionable § 1983 claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages.

The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury). Here, plaintiff claims no physical injury resulting from his encounter with correctional officer Brown on September 1, 2019. Plaintiff alleges Brown yelled and cussed at him. This is not enough to state a § 1983 claim. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) (stating the "general proposition that in the usual case mere words, without more, do not invade a federally protected right"). Plaintiff here only asserts injuries of emotional distress, mental anguish, and fear for safety.

The PLRA bars recovery of compensatory damages in this action because plaintiff alleges no physical injury. As compensatory damages are the only relief sought by plaintiff, this case will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $33.33 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Elizabeth Brown because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant Elizabeth Brown are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE